PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
DOUGLAS POWERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS POWERS,<br><br>      Plaintiff,<br><br>v.<br><br>FOXWORTHY GAS "LP"; MILLER TRUST,<br><br>      Defendants. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff DOUGLAS POWERS complains of Defendants FOXWORTHY GAS "LP" and MILLER TRUST, and each of them, and alleges as follows:

1.      **INTRODUCTION:**  Plaintiff is a 72-year-old amputee who loves tacos.  He has tried many taco trucks in the San Jose area, but one his favorites is the truck that frequently serves its tacos from the parking lot of the Foxworthy Gas Station located at 1645 Foxworthy Ave, San Jose, California.  Plaintiff also finds it convenient to purchase gas at the station when he orders food at the truck.  Unfortunately, it is difficult for Plaintiff to access that taco truck and the services of the Foxworthy Gas Station due to the lack of compliant designated accessible parking spaces in the gas station parking lot.  Additionally, when Plaintiff has attempted to access the

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

convenience store and restroom at the Foxworthy Gas Station, he has experienced difficulty, discomfort and embarrassment due to the lack of an accessible path of travel throughout the site and the lack of accessible features in the restroom.

2. Defendants denied disabled Plaintiff DOUGLAS POWERS accessible public facilities, including a compliant accessible path of travels and accessible parking at the Foxworthy Gas Station. Plaintiff DOUGLAS POWERS is a "person with a disability" or "physically handicapped person" who has uses a prosthetic leg to assist with mobility. He is unable to use portions of public facilities which are not accessible to mobility disabled persons. On or about February 5, 2022, and February 10, 2022, Plaintiff was denied his rights to full and equal access at the Foxworthy Gas Station. He was denied his civil rights under both California law and federal law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons.

3. Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

5. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  district and that Plaintiff's causes of action arose in this district.

2  6. **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

5  7. **PARTIES:** Plaintiff is a qualified physically disabled person. He has been diagnosed with a genetic blood disorder called "Factor V Leiden" which caused blood clots in his legs. After two failed vein bypass surgeries, he had to have his left leg amputated in 2008. Plaintiff uses a prosthetic leg or crutches to ambulate. His condition substantially affects his balance and ability to walk. His disability particularly affects his ability to ambulate and climb steps, and the medication he takes creates a very serious risk of injury should he fall and cut himself. He is unable to use portions of public facilities which are not accessible to mobility disabled persons. Plaintiff is entitled by permit from the State of California to park any vehicle which he drives or is transported in, in a designated and properly configured disabled accessible parking space.

15  8. Defendants FOXWORTHY GAS "LP" and MILLER TRUST are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint. Plaintiff is informed and believes Defendants performed all acts and omissions stated herein which proximately caused the damages complained of. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee, or representative of each of the other Defendant, and each performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

24  9. Foxworthy Gas Station is a place of "public accommodation" and "business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7)(E) of the Americans with Disabilities Act of 1990, including a sales establishment; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.* On information and belief, Foxworthy Gas Station and

1 its facilities were built after July 1, 1970, and since then have undergone construction and/or
2 "alterations, structural repairs, or additions," subjecting each such facility to disabled access
3 requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction
4 and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of
5 the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are
6 also subject to "Title 24," the California State Architect's Regulations, also known as the
7 California Building Code. Further, irrespective of the alteration history, such premises are
8 subject to the "readily achievable" barrier removal requirements of Title III of the Americans
9 with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION
(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

14    10.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
15 the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein
16 by reference as if separately repled hereafter.
17    11.   Plaintiff DOUGLAS POWERS and other similarly situated physically disabled
18 persons who are unable to use public facilities on a "full and equal" basis unless each such facility
19 is in compliance with the provisions of California Health & Safety Code sections 19955 -19959.
20 Plaintiff is a member of that portion of the public whose rights are protected by the provisions of
21 Health & Safety Code sections 19955 *et seq*. Further, Plaintiff is also protected against policy
22 and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the
23 "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right
24 as the general public to the full and free use of the streets, highways, sidewalks, walkways, public
25 buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities,
26 and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be
27 entitled to full and equal access, as other members of the general public, to accommodations,
28 advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places

to which the general public is invited." Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

12. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions Foxworthy Gas Station, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959.  Alterations or additions after January 26, 1993, trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

13. **FACTUAL STATEMENT**:  Plaintiff has been to the Foxworthy Gas Station a few times to buy tacos from the truck that serves from the parking lot.  Each time he has been there he has noticed that there are no designated accessible parking places in the gas station parking lot.  However, he generally did not always need to use the services of the gas station, so although he was bothered by the lack of accessible parking he was able to access to the taco truck.

14. On February 5, 2022, Plaintiff went to the Foxworthy Gas Station to purchase tacos, but before he went to the taco truck, Plaintiff decided to purchase a drink at the gas station convenience store.  Plaintiff looked for an accessible parking space near the convenience store, but immediately noticed that despite the large parking area available to customers, there were no

accessible parking spaces in the parking lot nor was there any signage indicating where disabled patrons could find accessible parking. He parked his vehicle in a parking space as close as possible to the convenience store, but he was still a good distance from the store.  There were many cars that were parked closer to the shop than he was.  It is important for Plaintiff to have parking that is close by to the entrance of any public accommodation because it is difficult and tiring for him to ambulate with his prosthetic leg.

15. Plaintiff exited his vehicle and walked towards the convenience store.  The only way for Plaintiff to access the store was by stepping up onto a curb.  Due to his amputated leg and use of a prosthetic, it is very important for Plaintiff to have a level surface and curb ramps when walking, otherwise he is at risk of tripping or slipping and falling.  Walking with a prosthetic limb is already difficult.  Walking with a prosthetic limb and climbing steps or navigating changes in vertical clearance even more so.  Even after years of using a prosthetic leg Plaintiff still has to think carefully about every step he takes.  He has to monitor every potential hazard in his path of travel, and actively think about the height of his next step to avoid tripping.  Walking on a smooth, flat or ramped, slip resistant surface greatly reduces Plaintiff's risk of falling. Plaintiff was able to navigate the curb, enter the store and make his purchase, but it caused him difficulty and discomfort to do so, including a fear of falling.

16. On February 10, 2022, Plaintiff again went to the Foxworthy Gas Station area to buy tacos, and this time he also needed to purchase gas.  He decided to purchase his gas at Foxworthy Gas Station since it was convenient while getting something to eat.  However, he was deterred from entering the convenience store to purchase any food and drink items because he knew that the lack of close accessible parking and the lack of accessible path of travel to the store's entrance would cause him difficulty and stress.

17. Plaintiff and other disable patrons at Foxworthy Gas Station need a designated accessible parking which is close to the business.  The designated accessible parking space should have an accessible path of travel connecting it to the entrance to the business and the restroom.  Additionally, investigation of this property revealed that the restroom is also inaccessible in many respects including that there are no grab bars near the toilet.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

18. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

19. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

20. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of designated accessible parking spaces at places of public accommodation.

21. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize Foxworthy Gas Station and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons. Foxworthy Gas Station is conveniently located to Plaintiff's home and it is convenient for him to purchase gas there when he eats at the nearby taco truck. He intends to return and patronize

Foxworthy Gas Station once it is made accessible.

22. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

23. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

24. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute

1  discrimination against Plaintiff on the basis that he was and is physically disabled and unable,

2  because of the architectural and other barriers created and/or maintained by the Defendants in

3  violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

4  These violations have deterred Plaintiff from returning to patronize Foxworthy Gas Station and

5  will continue to cause him damages each day these barriers to access continue to be present.

6  25.  **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct,

Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

26.  Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 25 of this Complaint and incorporates them herein as if separately re-pleaded.

27.  At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

28.  California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

29.  Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

30.  Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

31.  The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

32.  **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities and policies accessible to all disabled

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them herein as if separately re-pleaded.

34. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

35. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

36. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

37.　　As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "shopping center, or other sales or rental establishment." 42 USC § 12181(7)(E).

38.　　The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

12
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

39. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

40. The ability to safely use parking facilities and walkways is a fundamental necessity of accessing and using Foxworthy Gas Station. Therefore, the benefits of creating accessible parking and paths of travel does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a gas station and convenience store, such as the costs of as ensuring fire safety. It is thus readily achievable to remove these barriers.

41. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and

13
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

42. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Foxworthy Gas Station and discriminated and continues to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

43. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff DOUGLAS POWERS is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

44. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff DOUGLAS POWERS is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Foxworthy Gas Station, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff DOUGLAS POWERS prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: March 28, 2022                                       REIN & CLEFTON

                                                    */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
DOUGLAS POWERS

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: March 28, 2022                                       REIN & CLEFTON

                                                    */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
DOUGLAS POWERS

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES